IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

NO. 5:22-CV-144-FL

| | | |
|---|---|---|
| SHELIA Y. CRUTHIRDS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | ORDER |
| JEFFREY M. SANBORN, Colonel; and | ) | |
| CHRISTINE WORMUTH, Secretary, | ) | |
| Department of the Army. | ) | |
| | ) | |
| Defendants. | ) | |

This matter is before the court on plaintiff's motion for leave to proceed in forma pauperis, (DE 1). United States Magistrate Judge Kimberly A. Swank entered memoranda and recommendations ("M&R"), pursuant to 28 U.S.C. § 636(b)(1)(C) and Fed. R. Civ. P. 72(b), wherein it is recommended that the court deny the motion and allow plaintiff an extension of time to pay the requisite filing fee. Plaintiff filed objections.

The district court reviews de novo those portions of a magistrate judge's M&R to which specific objections are filed. See 28 U.S.C. § 636(b). Upon careful review of the record, "the court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." Id. The court may allow commencement of a civil action without the prepayment of fees or security "by a person who submits an affidavit that includes a statement of all assets that such [person] possesses that the person is unable to pay such fees." 28 U.S.C. § 1915(a)(1). "[A]n affidavit is sufficient which states that one cannot because of his poverty pay

or give security for the costs . . . and still be able to provide himself and dependents with the necessities of life." Adkins v. E.I. DuPont de Nemours & Co., 335 U.S. 331, 339 (1948).

The magistrate judge recommends denial of the instant motion on the basis that plaintiff has not demonstrated that payment of the required court costs would deprive her of the necessities of life. Upon de novo review of the motion and the record in this case, the court agrees. In her objection, plaintiff seeks further explanation, and she proposes a payment plan of four installments until August 17, 2022, with the case continuing in the meantime.

With respect to the court's explanation, plaintiff's affidavit shows aggregate monthly income ranging from $5,070 in the past, to $6,440 expected in the future; assets in the form of a home valued at $225,000 and two vehicles valued together $56,000; balanced against aggregate expenses of $6,228, not all of which are pertinent to the standard of provision of necessities. (DE 1 at 1-5). Plaintiff details further the nature of her expenses in her objections, again with not all being pertinent to the standard of provision of necessities. (See, e.g., Obj. (DE 12) at 6-7). Given the relative size of court costs compared to plaintiff's income, assets, and other expenses, plaintiff has not demonstrated that payment of the required costs would deprive plaintiff of the necessities of life. Thus, plaintiff's motion is DENIED.

With respect to plaintiff's proposal for a payment plan of four installments until August 17, 2022, the court in its discretion will allow plaintiff an extension until **August 17, 2022,** to complete payment of the requisite $402.00 filing fee in this case. Plaintiff may make partial payments toward(s) that amount prior to that date, or plaintiff may pay the entire filing fee on or before that date. Upon completion of payment(s) comprising the full filing fee, the action may proceed. Plaintiff at that time may renew requests for issuance of summons(es) and/or requests related to service of process. Plaintiff is cautioned that failure to complete payment of the filing

fee prior to the deadline set forth herein, absent request for further extension, may result in dismissal of this action for failure to prosecute.

SO ORDERED, this the 7th day of June, 2022.

_____
LOUISE W. FLANAGAN
United States District Judge