IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

No. 5:22-CV-144-FL

| | |
|---|---|
| SHEILA Y. CRUTHIRDS, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>)<br>)<br>JEFFREY M SANBORN, Colonel, and )<br>CHRISTINE WORMUTH, Secretary, )<br>Department of the Army, )<br>)<br>Defendants. )<br>) | ORDER |

This matter is before the court on defendants' motion to dismiss for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6). (DE 28). Also pending is plaintiff's motion to amend the exhibits attached to her memorandum in opposition to defendants' motion. For the reasons that follow, defendants' motion is granted, making plaintiff's motion moot.

## STATEMENT OF THE CASE

Plaintiff, proceeding pro se, initiated this action on April 12, 2022, by filing a motion for leave to proceed in forma pauperis under 28 U.S.C. § 1915, along with a complaint relying on decisions from the Equal Employment Opportunity Commission, filings and orders in previous cases, and correspondence with various officers of the United States military. This case, the latest in a series of lawsuits,[1] arises from the United States Army barring plaintiff from entering Fort

---

[1] See Cruthirds v. Sanborn et al. ("Cruthirds I"), No. 5:13-cv-179-BR (E.D.N.C. filed Mar. 17, 2013); Cruthirds v. Miller et al. ("Cruthirds II"), No. 5:13-cv-849-BO (E.D.N.C. filed Dec. 17, 2013); Cruthirds v. Lacey et al. ("Cruthirds III"), No. 5:14-cv-260-BR (E.D.N.C. filed May 2, 2014); Cruthirds v. United States (Cruthirds IV), No.

Bragg, then terminating her employment. Plaintiff's complaint, liberally construed, alleges that defendants discriminated and retaliated against her in violation of various civil rights statutes.

By memorandum and recommendation ("M&R") entered May 5, 2022, United States Magistrate Judge Kimberly A. Swank determined that plaintiff had not demonstrated "that payment of the required court costs would deprive her of the necessities of life." (DE 7). Plaintiff filed objections, arguing inter alia that an unexpected expense of $1000.00 rendered her unable to pay filing fees, and upon reconsideration, the magistrate judge in a second M&R entered May 23, 2022, recommended that plaintiff be given an extension until July 5, 2022, to pay the filing fee. Plaintiff filed further objections, and the court upon de novo review adopted the second M&R but extended until August 17, 2022, the deadline for plaintiff to pay the filing fee. Plaintiff paid the filing fee July 5, 2022, and the clerk again entered plaintiff's complaint on the docket.

Defendants filed the instant motion to dismiss October 19, 2022, relying upon a settlement agreement. After briefing in the usual course, see Local Rule 7.1(f), 7.1(g), plaintiff filed sur-reply to the motion. Plaintiff relies on voluminous exhibits totaling 293 pages, including email correspondence between her and former supervisors; correspondence regarding barring her entry to base and termination; records of proceedings following her termination; declarations by plaintiff and various Army employees, and depositions of Army employees.

## STATEMENT OF FACTS

The relevant facts alleged in the complaint are as follows. Plaintiff worked at Cook Child Development Center, Child, Youth, and School Services ("CYSS"), Fort Bragg, North Carolina, starting on or about August 2010. (See compl. at 2; DE 18-6 at 5; DE 18-1 at 1). Plaintiff assertedly witnessed black employees "being humiliated by [the] white director, Kathy J. Shearer,"

---

5:18-cv-450-FL (E.D.N.C. filed Sept. 17, 2018).

("Shearer") and helped them file a complaint. (See compl. at 3). Thereafter, her relationship with her employer became increasingly strained: plaintiff was written up for making "false statements" about Shearer in June 2012, (id.), "filed for workers' compensation . . . and filed . . . a . . . complaint" in July 2012, received a three day "disciplinary suspension" beginning August 21, 2012, and requested accommodations for diagnosed anxiety and depression, including a position that did not require working with children, August 30, 2012. (Compl. at 3). In January 2013, plaintiff was barred from Fort Bragg "for making threats and harassing members of CYSS." (Id. at 4-5, DE 18-5 at 1). Following the bar order and subsequent appeals thereof, plaintiff's employment was terminated. (Id. at 5, 15; DE 18-5 at 1).

Plaintiff first sued the Army and various other affiliated parties in March 2013. (See DE 18-2 at 1). Pursuant to a settlement agreement, plaintiff resolved all claims arising from her employment with the Army in 2016. (See compl. at 6; DE 29-1 at 1-5).

**COURT'S DISCUSSION**

A.  Standard of Review

To survive a motion to dismiss under Rule 12(b)(6), "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)). "Factual allegations must be enough to raise a right to relief above the speculative level." Twombly, 550 U.S. at 555. In evaluating whether a claim is stated, "[the] court accepts all well-pled facts as true and construes these facts in the light most favorable to the plaintiff," but does not consider "legal conclusions, elements of a cause of action, . . . bare assertions devoid of further

3

factual enhancement[,] . . . unwarranted inferences, unreasonable conclusions, or arguments." Nemet Chevrolet, Ltd. v. Consumeraffairs.com, Inc., 591 F.3d 250, 255 (4th Cir. 2009).[2]

B.  Analysis

Although plaintiff does not specifically invoke any federal statutes in her complaint, the court, construing plaintiff's complaint liberally, finds that plaintiff raises several employment-related claims under Title VII of the Civil Rights Act, 42 U.S.C. §§ 2000(e) et seq., Section 501 of the Rehabilitation Act, 29 U.S.C. §§ 791 et seq., and the Age Discrimination in Employment Act, 29 U.S.C. §§ 621 et seq. (See, e.g., compl. at 3 (race); 8 (age); 15 (disability)).

While ordinarily extrinsic evidence is not considered on a motion to dismiss, "when a defendant attaches a document to its motion . . . a court may consider it . . . [if] it was integral to and explicitly relied on in the complaint and if the plaintiffs do not challenge its authenticity." American Chiropractic Association v. Trigon Healthcare, Inc., 367 F.3d 212, 234 (4th Cir. 2004). The court may also "take judicial notice of matters of public record." Id. "Although a motion pursuant to Rule 12(b)(6) invites an inquiry into the legal sufficiency of the complaint, not an analysis of potential defenses to the claims set forth therein, dismissal nevertheless is appropriate when the face of the complaint clearly reveals the existence of a meritorious affirmative defense." Occupy Columbia v. Haley, 738 F.3d 107, 116 (4th Cir. 2013).

As this court has explained previously in plaintiff's prior actions,[3] accord and satisfaction is one such affirmative defense. See Fed. R. Civ. P. 8(c). "Compromise and settlement is . . . a subset of the larger class of accord and satisfaction." Piver v. Pender City Board of Education, 835 F.2d 1076, 1083 n.3 (4th Cir. 1987). "A compromise and settlement may act as a bar to further action on the antecedent claim that forms the basis of the compromise." Id. at 1083. "First, the

---

[2]  Throughout this order, internal quotation marks and citations are omitted unless otherwise specified.
[3]  See, e.g., this court's order entered April 11, 2019 in Cruthirds IV.

4

court should ascertain whether the parties have in fact agreed to settle the case. Once the court determines that the parties have agreed to settle the case, then the court must discern the terms of that settlement." Moore v. Beaufort County, North Carolina, 936 F.2d 159, 162 (4th Cir. 1991). "A compromise and settlement requires an offer and acceptance, consideration, and parties who have the capacity and authority to contract." Piver, 835 F.2d at 1083.

Defendants attached a settlement agreement to their motion to dismiss. (DE 29-1). Plaintiff relies upon it in her complaint and memorandum in opposition, alternately identifying the document as the "global negotiated settlement," (DE 18 at 6), "global settlement," (id. at 14), "the settlement agreement," (id. at 17), and the "Negotiated Settlement Agreement," (DE 34 at 4). Plaintiff does not dispute the authenticity of this document. Therefore, the court may rely on this document, referred to hereinafter as "the settlement agreement," at the motion to dismiss stage.[1]

The fully executed settlement agreement was signed by plaintiff and her representative May 25, 2016, (see id. at 3-4), and by a representative of the Army June 6, 2016. (See id. at 5). The document shows that the parties agreed to settle the claims and issues asserted in this case.

The terms of the settlement agreement are straightforward. The agreement arose "out of the formal complaints of alleged discrimination . . . based on race . . . , disability (post-traumatic stress disorder, anxiety/stress, back injury), religion (Christianity), age (47 . . .) and reprisal." (DE 29-1 at 1). The Army agreed to several concessions, including paying plaintiff $130,000.00, removing certain disciplinary documents from plaintiff's personnel file, placing plaintiff on leave without pay through July 31, 2016, and processing promptly any request for disability retirement made by plaintiff before July 31, 2016. (See id.).

---

[1] The document filed by defendants in this action may also be found attached to plaintiff's amended complaint in Cruthirds III, and the additional file stamp bears the case number of that action. See (DE 55-3) Cruthirds III, No. 5:14-cv-260-BR at 2-4 (E.D.N.C. June 12, 2017).

5

Case 5:22-cv-00144-FL   Document 39   Filed 04/21/23   Page 5 of 7

In exchange, plaintiff agreed to release the Army from "all claims or demands [she] may have <u>arising out of her employment with the Army</u> . . . [including] a release of any rights under Title VIII of the Civil Rights Act of 1964 . . . , the Age Discrimination in Employment Act . . . , the Rehabilitation Act . . . , the Equal Pay Act . . . , or any other Federal, state, or local laws or regulations prohibiting employment discrimination." (<u>Id.</u> at 2) (emphasis added). The release "covers both claims that [plaintiff] knows about and those she may not know about." (<u>Id.</u>). In this instance, "objective evidence strongly indicates that the parties intended to settle this litigation." <u>Moore</u>, 936 F.2d at 162. Plaintiff does not contest that her claims fall entirely within the scope of the settlement agreement. (<u>See</u> compl. at 17) ("Which this [sic] goes right back to my employment because I would not be taking these antidepressants in the first place if I had not been placed in hostile [sic] working environment[.]"). Accordingly, dismissal is warranted on the face of plaintiff's complaint due to accord and satisfaction.

Plaintiff argues that the settlement is invalid "because the signatory was Raymond P. Lacey [("Lacey")], [who] help[ed] prepare the document and the monetary settlement," and who, as "the [r]espondent involved in the EEO [c]omplaint[,] should not be the same person signing the agreement." (<u>Compl.</u> at 6-7). This argument lacks merit where Fourth Circuit precedent requires "parties who have the . . . authority to contract" in order for a compromise and settlement to be effective and where Lacey, as a director at Fort Bragg, had the authority to enter a binding agreement. Plaintiff argues in addition that she "did not make the accord and satisfaction decision of the [settlement agreement] but it was her EEO Representative who needed to get paid." (DE 34 at 20). Plaintiff's signature, which appears just below the words "I have read the negotiated settlement agreement and agree to accept its provisions," belies this claim. (DE 29-1 at 3).

6

In sum, plaintiff attempts to revive improperly her previous lawsuits, which were settled with the agreement of all parties in 2016. Consequently, plaintiff's case is dismissed.

## CONCLUSION

Based on the foregoing, defendants' motion to dismiss for failure to state a claim (DE 28) is GRANTED. Plaintiff's motion to amend exhibits (DE 38) is TERMINATED AS MOOT. The clerk is directed to close this case.

SO ORDERED, this the 21st day of April 2023.

_____
LOUISE W. FLANAGAN
United States District Judge